# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2023 SEP -1 PM 1: 44

| | |
|---|---|
| Kang Lu<br><br>*Plaintiff,*<br><br>v.<br><br>EXECUTIVE OFFICE OF PUBLIC SAFTEY AND SECURITY (EOPSS), and TERRENCE REIDY, in his official capacity as Secretary of EOPSS,<br><br>OFFICE OF THE ATTORNEY GENERAL, and ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts,<br><br>*Defendants.* | Civil Action No. _____<br><br>ACTION<br><br>FOR<br><br>DECLARATORY JUDGMENT |

## INTRODUCTION

1. I am Kang Lu, one of the people[1] of the several states which are united by and under the *Constitution*. I appear in my proper person to seek declaratory judgement in a case of actual controversy arising under the *Constitution*, and further relief as necessary, including injunctive relief, so that I may, at all times, find my security in the laws[2].

---

[1] *District of Columbia v. Heller*, 554 U. S. 570, 580 (2008): The term [people] unambiguously refers to all members of the political community, not an unspecified subset. As we said in United States v. Verdugo-Urquidez, 494 U. S. 259, 265 (1990): "...'the people' protected by the Fourth Amendment, and by the First and Second Amendments, and to whom rights and powers are reserved in the Ninth and Tenth Amendments, refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community."

[2] <u>Massachusetts Constitution</u>: "...that every man may, at all times, find his security in [the laws.]"

DEFENDANTS

2.      The EXECUTIVE OFFICE OF PUBLIC SAFTEY AND SECURITY, hereinafter "EOPSS," is an executive branch of the Massachusetts government. The EOPSS, together with its subordinate departments such as the Department of Criminal Justice Information Services (DCJIS), and Firearm Licensing Review Board (FLRB) are vested with authority to implement, to interpret, to enforce, and to administer the state's statutory scheme[3] for firearms licensing, see *G. L. c. 30A, § 1(5)*, *G. L. c. 6A, § 2* and *G. L. c. 6A, § 18*. TERRENCE REIDY is the Secretary of the Executive Office of Public Safety and Security. His place of office is 1 Ashburton Place, Suite 2133, Boston, MA 02108. The publicly listed contacts are: Phone 617-727-7775 and Email: eopsinfo@state.ma.us.

3.      The OFFICE OF THE ATTORNEY GENERAL, hereinafter "AGO," is also an executive branch agency of the Massachusetts government. The AGO is vested with authority to protect the people of the state by investigating and prosecuting crime. ANDREA JOY CAMPBELL, is the Attorney General of Massachusetts. Her place of office is 1 Ashburton Place, 20th Floor, Boston, MA 02108. The publicly listed contacts are: Phone 617-727-2200 and Email: ago@state.ma.us.

VENUE, FORUM AND JURISDICTION

---

[3] "Discussion of the statutory scheme governing licensing of firearms. ... 1. Statutory scheme. ... The historical aim of licensure generally is preservation of public health, safety, and welfare by extending the public trust only to those with proven qualifications." *Mirko Chardin v. Boston Police Commissioner*, 465 Mass. 314, 315 (2013).

4.      This United States District Court for the District of Massachusetts is the proper venue in accordance with *28 U.S.C. § 1391(b)(1)*, as all defendants are residents of the State in which the district is located. The judicial Power of the United States, shall be vested[4] in this court, which shall be a court of record created under *28 U.S.C. § 132*.

5.      This district court has original jurisdiction of all civil actions arising under the Constitution pursuant to *28 U.S.C. § 1331* - Federal question. Declaratory judgement in a case of actual controversy is a remedy created by *28 U.S.C. § 2201*, with further necessary or proper relief as may be granted under *§ 2202*.

6.      Actual controversy has arisen because Defendants and their employees threaten me with seizure of my private property, arrest, and prosecution, if I were to exercise my individual right to keep and bear arms secured by the *Second Amendment* to the United States Constitution, in Massachusetts without first obtaining a license to carry firearms.

7.      The standing and ripeness requirements of jurisdiction are met, because I intend to engage in conduct that affects a constitutional issue, but which is forbidden by the Defendants, and there is a credible threat that the Defendants will deprive me of my constitutionally secured rights under color of law. *Susan B. Anthony List v. Driehaus, 573 U.S. 149 (2014)*. And, where the injury threatened by unconstitutional enforcement is present and real, and will become irreparable if relief be postponed to that time, a suit to restrain future enforcement of the statute is not premature. *Pierce v. Society of Sisters, 268 U.S. 510 (1925)*.

8.      In other words, "'[I]t is not necessary that [I] first expose [my]self to actual arrest or prosecution to be entitled to challenge a statute that [I] claim deters the exercise of [my]

---

[4] See Article III, Section 1 of the Constitution.

constitutional rights'); see also *MedImmune, Inc. v. Genentech, Inc., 549 U. S. 118*, 128-129 (2007) ('[W]here threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat'). Instead, we have permitted pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent." *Susan B. Anthony List v. Driehaus, 573 U.S. 149 (2014)*.

9.   Furthermore, should the AGO or their agents prosecute me for keeping and bearing arms without a license to carry firearms, the judicial Power of the United States would not protect me. As this court "may not grant an injunction to stay proceedings in a State court," *28 U.S.C. § 2283*, and "Federal courts will not enjoin pending state criminal prosecutions except under extraordinary circumstances," *Younger v. Harris, 401 U.S. 37 (1971)*. Therefore, I have standing to sue, this claim is ripe, and this court has original jurisdiction arising under the Constitution.

## I AM ENTITLED TO DECLARATORY RELIEF

10.   The Defendants are conspiring to deprive me and others of our constitutionally secured, individual right to keep and bear arms for personal use, under color of law by mis-construing and mis-applying the licensing scheme enacted to regulate public safety and security professionals, thus thwarting the purpose of the *Constitution*[5]. I am entitled to declaratory relief, because I am entitled to know the limits of the state's regulatory authority, and to find my security in the laws.

11.   Where each allegations is not denied by the Defendants, they are admitted in accordance with *Federal Rules of Civil Procedure 8 (b)(6)*, and the court may declare the law as follows:

---

[5] "Acts of Congress [or state legislature] are to be construed and applied in harmony with, and not to thwart, the purpose of the Constitution." *Phelps v. United States, 274 U.S. 341, 344 (1927)*.

## ALLEGATIONS

I. *G. L. c. 140, § 131(i)* provides that the application fee for a license to carry firearms, is $100, "which shall be payable to the licensing authority." The term "licensing authority," is explicitly defined[6] by *G. L. c. 6, § 172N* as one "with the authority to impose occupational fees or licensing requirements on a profession." But "a state may not impose a charge for the enjoyment of a right granted by the Federal Constitution" *Murdock v. Pennsylvania, 319 U.S. 105, 113 (1943)*; and there is no fee for the right to keep and bear arms for personal use.

II. *803 CMR 2.01* is a regulation published by the EOPSS through its subordinate department, the Department of Criminal Justice Information Services (DCJIS). It provides, that the "Purpose and Scope" of the Criminal Offender Record Information (CORI) background check is for "the purpose of evaluating applicants for employment, volunteer opportunities, or professional licensing." But, no law imposes a background check for the enjoyment of the individual right to keep and bear arms for personal use, as secured by the Constitution.

III. *G. L. c. 6, § 172B.5* "require[s] applicants for licenses in specified occupations to submit a full set of fingerprints." While the state may require fingerprinting for a license to carry firearms as an occupation, no law requires the submission of fingerprints for the enjoyment of the individual right to keep and bear arms for personal use, as secured by the Constitution.

---

[6] "When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning." *Stenberg v. Carhart, 530 U.S. 914, 942 (2000).*

IV. The EOPSS is empowered by statute to regulate officers, employees, private investigators, security guards, and other persons whose profession or occupation requires them to possess or carry firearms; but, there is no legislation authoring the EOPSS to regulate or to license the right of the people to keep and bear arms for personal use. If such power ever existed, then under the major questions doctrine, the EOPSS must point to clear legislative authorization for the authority it claims, *West Virginia v. E.P.A., 597 U.S. ___ (2022)*.

V. The AGO and the district attorneys are empowered to protect the people by prosecuting crimes; but, if the EOPSS does not "institute or recommend institution of proceedings in a court" pursuant to *G. L. c. 30A, § 1(1)* of the state administrative procedure act, the AGO and the district attorneys may not assign the enforcement powers of a regulatory agency to the judicial branch, in violation of judicial independence, impartiality, and the separation of powers doctrine: "...neither the legislative nor the executive branches can constitutionally assign to the judicial any duties but such as are properly judicial, and to be performed in a judicial manner." *Muskrat v. United States, 219 U.S. 346, 352 (1911)*, and *Articles 29* and *30* of the Massachusetts Constitution.

VI. Failure to make EOPSS a party, or preventing it from being heard in the prosecution of a victimless, regulatory licensing offense would deprive a trial court of competent subject matter jurisdiction, and would violate *G. L. c. 231A, § 8*: "In any proceeding which involves the validity of a ...license... or other privilege granted by the commonwealth ... the agency granting the privilege, ... shall be made a party and shall be entitled to be heard."

VII.(a) *G. L. c. 140, § 131* provides "A license shall entitle a holder thereof to... possess and carry ... firearms..." These statutory *entitlements* to "posses and carry" are different from the rights secured by the Constitution. "Carry" may mean to carry on the "duties and functions" of public offices, see *G. L. c. 21A, § 2, c. 151B, § 3*, etc...; to carry on a business, *G. L. c. 140, § 122*, etc...; to carry weapons as a power and duty of police officers, *G. L. c. 41, § 98*; to carry weapons by sheriffs, his deputies, correction officers, parole officers, and penal institutions officers "in the performance of their duties" *G. L. c. 147, § 8A*; to carry firearms by watchmen, guards, private patrolmen, detectives or investigators, or other licensees "in the performance of their duties" in *G. L. c. 147, § 29* and *§ 29A* to "protect persons or property, ...for hire or reward" as defined in *G. L. c. 147, § 22*. As such, "possess" is merely an entitlement incidental to carrying a firearm in the performance of duties, or carrying on a business, such as a gunsmith or retailer, see *G. L. c. 140, § 122*.

(b) Thus, carry may mean to carry on powers, duties, and functions of public service; but no law equates the licensed entitlements to "possess and carry firearms" with the "right to keep and bear arms" secured by the Constitution. "The law is the definition and limitation of power." *Yick Wo v. Hopkins, 118 U.S. 356, 370 (1886)*; and, "Thus far, we have not traveled, in our search for the meaning of the lawmakers, beyond the borders of the statute." *United States v. Great Northern Railway Co., 287 U.S. 144, 154 (1932)*. While the state may impose licensing requirements to possess and carry firearms for the performance of duties, for hire, or a business, there is no such thing as a license to keep and bear arms for personal use.

VIII.(a) *G. L. c. 269, § 10* is a penal statute which punishes the unlicensed possession of firearms "as defined in section one hundred and twenty-one of chapter one hundred and forty." Firearms and other items defined in *G. L. c. 140, § 121* are those "as used in sections 122 to 131Y, inclusive," including firearms found in retail or gunsmith shops, *G. L. c. 140, § 122*, firearms carried by officers and other licensees in the performance of their duties, *G. L. c. 41, § 98*, *G. L. c. 147, § 8A*, and *G. L. c. 147, § 29*, firearms with defaced serial numbers, *G. L. c. 269, § 11A*, stolen firearms, *G. L. c. 266, § 30*, and firearms discharged within 500 feet of a dwelling, *G. L. c. 269, § 12E*. "It is axiomatic that the statutory definition of the term excludes unstated meanings of that term." *Meese v. Keene, 481 U.S. 465, 484-485 (1987)*.

(b) Thus, the items "defined in section one hundred and twenty-one of chapter one hundred and forty" excludes "arms in the defence of his property" described in *G. L. c. 149, § 177*, and "firearms or ammunition" described in *G. L. c. 131, § 78* for the "protection of property" pursuant to *G. L. c. 131, § 37*, including "a shotgun," "any rifle ... or any revolver or pistol" referenced by the statute in *G. L. c. 131, § 66* and *§ 67*.

(c) The items "defined in section one hundred and twenty-one of chapter one hundred and forty" also exclude "arms for personal use" *G. L. c. 62C, § 55A*, "military arms, uniforms and equipment" *G. L. c. 60, § 24*, which the people have kept with so much of the fuel, provisions, furniture and personal effects in his household, livestock, poultry, and utensils for housekeeping necessary for upholding life, since such law was first passed in 1786[7].

---

[7] https://archives.lib.state.ma.us/bitstream/handle/2452/104241/1785acts0046.pdf?sequence=3&isAllowed=y

IX. The individual right to keep and bear arms for personal use, for the defence of his property, for the common defence, and the security of a free State is guaranteed by the plain text of the state laws, the Massachusetts and Federal constitutions. This right is "not a right granted by the Constitution. Neither is it in any manner dependent upon that instrument [nor the license to carry firearms] for its existence." *District of Columbia v. Heller, 554 U.S. 570, 592 (2008)*.

## PRAYER FOR RELIEF

12.   "It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule. ...This is of the very essence of judicial duty." *Marbury v. Madison, 5 U.S. 137, 177-178 (1803)*. And "when a person cannot know how a court will apply a settled principle to a recurring factual situation, that person cannot know the scope of his constitutional protection, nor can a policeman [or prosecutor] know the scope of his authority." *New York v. Belton, 453 U.S. 454, 459-460 (1981)*. **WHEREFORE**, I, Kang Lu, pray for a judicial determination and declaration to confirm or deny the truthfullness of each forgoing allegation I through IX.

Dated: Sept 1st, 2023

Respectfully signed and filed,

Kang Lu, *in propria persona*
106 Sewall Ave. # 3
Brookline Massachusetts
libertywithoutlicense@gmail.com
Phone: 413-300-2102