UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KANG LU,<br><br>     Plaintiff,<br><br>  v.<br><br>EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY (EOPSS); TERRENCE REIDY, in his official capacity as Secretary of EOPSS; OFFICE OF THE ATTORNEY GENERAL; and ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts,<br><br>     Defendants. | CIVIL ACTION<br>NO. 1:23-cv-12045-AK |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND/OR TO STAY DISCOVERY PENDING RESOLUTION OF FORTHCOMING MOTION TO DISMISS**

  Defendants – Executive Office of Public Safety and Security (EOPSS), Terrance Reidy, in his official capacity as Secretary of EOPSS ("Secretary Reidy"), the Office of the Attorney General ("AGO"), and Andrea Joy Campbell, in her official capacity as Attorney General of Massachusetts ("Attorney General") – hereby move for a protective order under Fed. R. Civ. P. 26(c) and/or for a stay of discovery until the Court rules on the Defendants' forthcoming motion to dismiss the Plaintiff's Complaint.

### BACKGROUND

  The Plaintiff, Kang Lu, challenges the Massachusetts statutory scheme regulating the licensure and the keeping and carrying of firearms—reflected in the state firearms licensing statute, Mass. G.L. c. 140, § 131, and the criminal prohibition on unlicensed possession of a

1

firearm, Mass. G.L. c. 269, § 10—on state and federal constitutional grounds.  Complaint ("Compl."), ¶¶ 1, 6-7, 10, IX.  More specifically, Plaintiff asserts that Massachusetts cannot require him to obtain a license to carry a firearm under Mass. G.L. c. 140, § 131, and seeks declaratory judgment aimed at preventing the Commonwealth from prosecuting him in the future for unlicensed possession of firearms under Mass. G.L. c. 269, § 10.  Compl. ¶¶ 5-10.

On September 8, 2023, at the same time Plaintiff served the Summons and Complaint upon the Office of the Attorney General, Plaintiff also served a Request for Admissions and a Request for Production directed at the Attorney General and Secretary Reidy.[1]  On September 11, 2023, the EOPSS received the same discovery requests along with the Summons and Complaint.  In all, the discovery requests propounded by Plaintiff consist of 18 requests for production of documents and 33 requests for admissions.

Pursuant to Fed. R. Civ. P. 12(b), a defendant may serve a motion to dismiss under Fed. R. Civ. P. 12(b) prior to filing an answer.  Fed. R. Civ. P. 12(a)(4), 12(b).  Here, the Defendants intend to move to dismiss the entirety of Plaintiff's Complaint with prejudice.  To that end, the Defendants are also filing herewith a motion for enlargement of time to respond to the Plaintiff's Complaint until October 31, 2023.

---

[1] Plaintiff's discovery requests are premature; they do not comply with Fed. R. Civ. P. 26(d)(1) and Local Rule 26.2(a), as no Rule 26(f) conference among the parties has been held, and Plaintiff has not made his initial disclosures to Defendants.  *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."); *see also* Fed. R. Civ. P. 26(b)(2) (party may "deliver" document requests upon opponent no earlier than 21 days after summons and complaint are served, but document requests not deemed "served" until after parties' Rule 26(f) conference); Local Rule 26.2(a) ("[A] party must provide to other parties disclosure of the information and materials called for by Fed. R. Civ. P. 26(a)(1) before that party may initiate discovery.").

**ARGUMENT**

The Court should exercise its discretion to enter a protective order under Fed. R. Civ. P. 26(c), and/or to stay discovery pending resolution of the Defendants' forthcoming motion to dismiss Plaintiff's Complaint. The Defendants' motion to dismiss, if granted, would dispose of the entirety of the Plaintiff's Complaint, and thus it would be inefficient and burdensome for the parties (and possibly the Court) to conduct (and superintend) discovery while a motion that would resolve the entire case is forthcoming. *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) (citations omitted) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."). Put another way, while a dispositive motion is pending a protective order staying discovery is an "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (citation omitted); *Sibley v. U.S. Supreme Ct.*, 786 F. Supp. 2d 338, 347 (D.D.C. 2011) (citation omitted); *accord Channing Bete Co., Inc. v. Greenberg*, 2021 WL 4398510 at *2 (D. Mass. Sept. 27, 2021) (finding that pending motions to dismiss all claims constituted good cause to stay discovery and granting stay until rulings on motions were to become final would not unreasonably delay litigation); *Dicenzo v. Massachusetts Dep't of Correction*, 2016 WL 158505 (D. Mass. Jan. 13, 2016) (granting stay of discovery while defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) was pending).

Here, there is "good cause" to issue a protective order under Fed. R. Civ. P. 26(c), and/or to stay discovery, for three reasons. First, it would be potentially wasteful and an unnecessary expenditure of scarce governmental time and resources to engage in a potentially burdensome discovery process if the Court ultimately dismisses the case, either in whole or in part. *See*

*Hudson v. Comm'r of Corr.*, 46 Mass. App. Ct. 538 (1999), *aff'd*, 431 Mass. 1, 7 n.8 (2000) (well within court's broad discretion to grant motion for protective order staying discovery pending court's ruling on defendant's motion to dismiss); *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment"); *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (issuing protective order to stay discovery pending resolution of dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources").

Second, Plaintiff's action for declaratory judgment in this Court is merely a collateral attack on his recent gun-related convictions in state court, which are now on appeal,[2] and can be dismissed under the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), which calls on federal courts to refrain from exercising their jurisdiction in parallel, pending state criminal proceedings. *Sprint Commc'ns Inc. v. Jacob*, 571 U.S. 69, 72 (2013). Although Plaintiff's Complaint makes no mention of those convictions, this suit directly challenges the Massachusetts licensing laws regarding possession of firearms under which he was convicted, Mass. G.L. c. 140 and c. 269. *See* Compl. ¶¶ 6-7, VIII(a); *supra* note 2. Plaintiff's suggestion that *Younger v. Harris*, 401 U.S. 37 (1971), does not apply because there are no ongoing state court proceedings, *see* Compl. ¶ 9, is inconsistent with cases examining *Younger*'s application to judgments on appeal in state court. *See Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 34-

---

[2] On June 29, 2023, Plaintiff was found guilty of carrying a firearm without a license and possessing ammunition without a firearms identification card in violation of Mass. G.L. c. 269, § 10(a) and 10(h). *Commonwealth v. Lu*, No. 2179CR00067 (Hampden Super. Ct.). On August 29, 2023, he filed a notice of appeal. *Id.*

35 (1st Cir. 2004) (explaining that, under *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), a "[state court] proceeding is 'ongoing' for *Younger* purposes until the state appellate process [is] complete."); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign."); *see also Bey v. Commonwealth of Massachusetts*, No. CV 21-10409-ADB, 2021 WL 1990019, at *2 (D. Mass. Apr. 30, 2021) (finding that *Younger* abstention applied to plaintiff's habeas petition irrespective of whether he was being prosecuted or had already been convicted because "the Court has no reason to believe that [plaintiff] will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal"); *Dones-Arroyo v. Trias-Monge*, 430 F. Supp. 315, 317 (D.P.R. 1976) (rejecting plaintiff's argument that *Younger*'s application to "pending state criminal prosecutions" did not include the appellate stage). Nor can Plaintiff evade *Younger*'s application by omitting information about his prosecution for gun-related charges, which he sought to enjoin on the same constitutional grounds put forth here, and of which he was ultimately convicted.[3]

Finally, allowing "*any* discovery entails 'annoyance, embarrassment, oppression, or undue burden or expense' to a party who, as a matter of law, is entitled to . . . judgment." *E.A.*

---

[3] Plaintiff sought to halt his then-ongoing criminal prosecution by filing a similar action for declaratory and injunctive relief in state court. *See Lu v. Campbell*, Suffolk Super. Ct., No. 2284CV02125, Dkt. File Ref. No. 2. There, the Court dismissed Plaintiff's complaint finding that "Plaintiffs contention that his right to carry a firearm overrides and invalidates the state's licensing requirements, as applied to him, are properly made in the appeal of his criminal conviction" and noting that "[i]f he is successful with that argument then his criminal conviction would need to be vacated because his possession of a gun and ammunition was not in violation of the state statute." *Id.* Dkt. File Ref. No. 29.

5

*Miller, Inc. v. South Shore Bank*, 405 Mass. 95, 100 (emphasis added) (quoting Mass. R. Civ. P. 26(c)).  In this way, the "good cause" meriting a protective order and/or stay of discovery while a defendant's motion to dismiss is pending equally applies to a motion to dismiss that the Defendants have notified the Court is forthcoming.  For the reasons that will be explained in detail in the Defendants' forthcoming motion to dismiss, because the Defendants are entitled to judgment as a matter of law on all counts of Plaintiffs' Complaint, *see Commonwealth v. Loadholt*, 460 Mass. 723, 725-26 (2011) (unequivocally rejecting the argument that the Second Amendment bars state licensing laws) and *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) (finding that "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"), any discovery before the Court rules on a motion to dismiss would entail "annoyance … oppression, or undue burden or expense."  *E.A. Miller*, 405 Mass. at 100 (quoting Mass. R. Civ. P. 26(c)).  Therefore, "good cause" exists for the Court to deny or stay discovery pending its rulings on the Defendants' forthcoming motion to dismiss.  Fed. R. Civ. P. 26(c).

## **CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that this Court enter a protective order under Fed. R. Civ. P. 26(c), or alternatively stay discovery, until the Court has ruled on Defendants' forthcoming motion to dismiss Plaintiffs' Complaint.

Respectfully submitted,

EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY (EOPSS), and TERRENCE REIDY, in his official capacity as Secretary of EOPSS; OFFICE OF THE ATTORNEY GENERAL, and ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts,

By their attorney,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Angélica L. Durón*
Angélica L. Durón, BBO# 705315
Assistant Attorney General
Government Bureau
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2367
Angelica.Duron@mass.gov

Dated:  September 25, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed electronical through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non-registered participants on September 25, 2023:

Kang Lu
106 Sewall Ave. # 3
Brookline, MA 02446
libertywithoutlicense@gmail.com

*/s/ Angélica L. Durón*
Angélica L. Durón, BBO# 705315
Assistant Attorney General